**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>REYES FLORES, a.k.a Night Owl,<br><br>Defendant-Appellant. | No.   15-50499<br><br>D.C. No. 3:14-cr-00149-BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Reyes Flores appeals from the district court's judgment and challenges the

188-month sentence imposed following his guilty-plea convictions for conspiracy

to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951, and

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores contends that the district court procedurally erred by failing to address his sentencing arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and hold that there is none. The record reflects that the district court considered Flores's arguments and sufficiently explained its reasons for the low-end sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Flores next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Flores's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Flores's criminal history and the aggravating circumstances of the robbery. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**